IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BCOWW HOLDINGS, LLC, BCOWW OUTFITTERS, LLC, | § § § § § § § § § § § § § | |
| *Plaintiffs* | | SA-17-CA-00379-FB-ESC |
| vs. | | |
| DANIEL COLLINS, JADAC LLC, | | |
| *Defendants* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Rule 12(f) Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike") [#36] and the Corrected Motion to Strike [#45] filed by Plaintiffs BCOWW, LLC and BCOWW Outfitters, LLC (collectively, "Plaintiffs" or "BCOWW"). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#9].[1] The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After considering the Motion to Strike [#36], the Corrected Motion to Strike [#45], and Defendants' Response [#56], the undersigned recommends that the District Court **DENY** Plaintiffs' Corrected Motion to Strike [#45]. It is also recommended that the District Court **DISMISS** Plaintiff's Motion to Strike [#36], which was superseded by the Corrected Motion to Strike, as **MOOT**. Plaintiffs have failed to show they lack fair notice regarding any of the

---

[1] This case was initially referred to U.S. Magistrate Judge John W. Primomo but was subsequently referred to the undersigned in light of Judge Primomo's retirement [#37, #39].

1

affirmative defenses pled by Defendants. Moreover, although some of the defenses pled by Defendants may not be classified as true "affirmative defenses," there is no evidence that Plaintiffs would suffer unfair surprise with an unexpected defense so as to justify the relief requested.

## I.     Background

This is an unfair competition case brought by Plaintiffs against a former member Defendant Daniel Collins, as well as Defendant JADAC, LLC ("JADAC") (collectively, "Defendants"), a company Collins formed after resigning from BCOWW. Plaintiffs filed suit against Defendants on May 1, 2017, asserting claims for breach of contract, trademark infringement, trade secret misappropriation, breach of fiduciary duty, tortious interference with prospective business relationships, tortious interference with existing contracts, common law unfair competition, and civil conspiracy [#1]. Plaintiffs allege that Defendants violated the aforementioned federal and/or state laws when Collins set up JADAC to compete in the waffle-maker business.

Approximately one month after filing suit, this case was stayed for mediation pursuant to a mandatory mediation provision in the Company Agreement [#19, #21]. The stay was subsequently lifted on July 12, 2017, when the mediation ended in impasse [#26]. On August 1, 2017, Defendants filed their Answer and Affirmative Defenses to Plaintiffs' Verified Complaint [#27]

Plaintiffs filed their Motion [#36] on August 22, 2017 without including a certificate of conference as required by Local Rule CV-7(i). After receiving a deficiency notice from the Clerk of the Court, Plaintiffs filed their Corrected Motion on August 28, 2017.

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a party to request the Court "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This rule applies to affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Federal Rule of Civil Procedure 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The Fifth Circuit has held that this requires a defendant to plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced." *Woodfield*, 193 F.3d at 362. This "fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* (internal quotations omitted). In other words, "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir.1987). However, "[w]here the [affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Id.* (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir.1983) (per curiam). Thus, in some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

The Fifth Circuit has not yet specifically addressed whether the heightened *Twombly* and *Iqbal* pleading standards have changed the pleading standards for affirmative defenses, resulting in disagreement among the district courts in this Circuit on the issue. *See, e.g., Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-cv-282-RP, 2015 WL 4935527 at *2 (W.D. Tex. Aug. 18, 2015) (citing conflicting authorities). However, in one case post-*Twombly* but pre-*Iqbal*, the

Fifth Circuit cited approvingly to the "fair notice" standard in pleading an affirmative defense. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (citing *Woodfield*, 193 F.3d at 362).

Moreover, at least two courts in this District have refused to apply the more heightened pleading requirement to affirmative defenses on the grounds that "[d]ifferent policy and practical considerations apply when asserting defenses as opposed to asserting claims." *Deaf Interpreter Services, Inc. v. Webbco Enterprises, L.L.C.*, No. SA:13-CV-867-OLG, 2014 WL 12489609, at *2 (W.D. Tex. June 30, 2014) (listing several policy and practical reasons for not extending the *Twombly/Iqbal* pleading standard to affirmative defenses including but not limited to the textual differences between Rule 8(a) and 8(c), the unfairness of holding the defendant to the same pleading standards as the plaintiff, and the fact that a heightened pleading requirement would result in more motions to strike, which are disfavored); *see also Dyson*, 2015 WL 4935527 at *3 (finding the "fair notice" standard the "better view" based upon a "number of reasons," including the textual differences between the rules, the fact that a defendant only has twenty-one days to respond to a complaint whereas a plaintiff is only limited by the applicable statute of limitations, and raising the standard for pleading affirmative defenses would only encourage more motions to strike, prolonging pre-discovery motion practice). In light of the Fifth Circuit's continued application of the "fair notice" standard after *Twombly*, and the policy and practical considerations discussed in the cases above, the undersigned will apply the "fair notice" pleading standard to Plaintiffs' motion.

Motions to strike affirmative defenses are viewed with disfavor and are infrequently granted "both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic." *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*

4

*Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored."). Accordingly, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). A district court has "ample discretion" in determining whether to strike a defense pursuant to Rule 12(f). *See In re Beef Indus. Antitrust Litig.*, MDL Docket No. 248, 600 F.2d 1148, 1168 (5th Cir. 1979).

### III. Analysis

Plaintiffs first seek to strike *all* of the defenses included in Defendants' Answer under the caption "Affirmative Defenses," arguing that Defendants fail to provide any supporting facts or explanation for all of their fifteen different affirmative defenses. However, Plaintiffs fail to point to *any* specific defense that they believe lacks specificity or factual particularity such that it fails to provide them with "fair notice" of the defense advanced. Accordingly, Plaintiffs request to strike all of Defendants' affirmative defenses should be denied.[2]

Alternatively, Plaintiffs argue that the following five defenses asserted by Defendants should be struck because they are not proper affirmative defenses:

> First Defense: "The complaint fails to state a claim upon which relief may be granted."
>
> Seventh Defense: "The claims of the Plaintiffs are barred by spoliation of evidence, the extent of which is to be determined during the course of discovery."

---

[2] Plaintiffs' motion could also be denied for failure to confer in good faith as required by Local Rule CV-7(i) (providing that a court may deny a nondispositive motion "unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made"). Although Plaintiffs included a certificate of conference in their Corrected Motion, the certificate reveals that Plaintiffs only attempted to confer to discover whether Defendants would oppose their motion— not to resolve the disputed issues raised in the motion in good faith. If Plaintiffs were concerned that Defendants' Answer might unfairly surprise them with an unexpected defense, Plaintiffs could have requested that Defendants re-plead some of their defenses with sufficient particularity.

> Eighth Defense: "The claims of the Plaintiffs are barred because Plaintiffs cannot establish the elements of a contract between the parties."
>
> Fourteenth Defense: "The claims of the Plaintiffs are barred because Plaintiffs know that Defendant Collins never signed any contract with Plaintiffs and this action is therefore not based on fact, is frivolous, unreasonable, unfounded and groundless and accordingly, Defendants are entitled to their attorneys' fees and other costs associated with the defense of this action."
>
> Fifteenth Defense: "BCOWW's information concerning vendors, manufacturers, contractors, engineers, designers, suppliers, customers, pricing, shippers and warehouses was information within the public domain."

Notably, the inclusion of the above non-affirmative defenses in Defendants' answer does not prejudice the Plaintiffs in this action. In fact, Plaintiffs have arguably been given an advantage in the form of a more robust understanding of Defendants' defense strategy through Defendants' decision to plead non-affirmative defenses. The District Court should reject Plaintiffs' attempt to prolong pre-discovery motion practice with a motion that neither advances this case nor benefits the Plaintiffs in this action.[3]

Plaintiffs are correct that defenses eight and fifteen are denials of essential elements of Plaintiffs' claims, rather than true "affirmative defenses." However, Plaintiffs have not shown that they will suffer any prejudice if these defenses, which are included under the inaccurate section heading "affirmative defenses," are not stricken.[4] Indeed, by pleading these defenses,

---

[3] Given that Plaintiffs already know they have an obligation to prove each element of their claims, it is not obvious to the undersigned why Plaintiffs would have filed this motion. Perhaps it is an attempt to gain leverage in the litigation by forcing their opponents to respond. In any event, this is not a wise use of the clients', attorneys', or Court's resources.

[4] Plaintiffs argue that "[a]llowing Defendants to proceed with its improper affirmative defenses jeopardizes Plaintiffs' claims and will cause Plaintiffs to incur unnecessary costs and effort assembling evidence and preparing arguments related to these purported defenses." (*See* [#45] at 4.) However, there is no evidence that Plaintiffs would suffer any unnecessary expense if their motion is not granted. Rather, Plaintiffs appear to misunderstand the term "prejudice" in the context of a motion to strike. "[T]he prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and

Defendants have provided Plaintiffs with *additional information* regarding their defense strategy on certain claims. Accordingly, Plaintiffs' motion to strike defenses eight and fifteen should be denied. *See Deaf Interpreter*, No. 2014 WL 12489609, at *3 (refusing to strike defenses more properly classified as denials of essential elements because Plaintiff did not show that it would suffer prejudice if the "affirmative defenses" were not struck).

Plaintiffs are also correct that spoliation is not an affirmative defense. *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155-56 (4th Cir. 1995) ("Even though application of the [spoliation] rule could prove to be critical to a party's recovery on a claim, it is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court. Consequently, a party need not indicate its intent to invoke the spoliation rule in the pleadings."). So again, Defendants through their pleading have provided notice of a defense strategy that they were under no legal obligation to reveal in their Answer. And again, Plaintiffs will not suffer any prejudice from this inclusion. *See id.* (trial court did not err in allowing late pretrial amendment alleging spoliation as plaintiff actually benefited from defendants' advance notice of their intent to invoke the spoliation rule). If Defendants seek a spoliation instruction to the jury, Defendants will not be able to rest on this pleading but will have to request the instruction through the proper procedural vehicle, and Plaintiffs, without a doubt, will respond and object at that time. In the meantime, they are on notice of Defendants' desire to seek this instruction and can take steps to defend themselves.

Plaintiffs also take issue with Defendants' inclusion of their fourteenth "affirmative defense," through which Defendants indicate their intention to seek attorneys' related to defending against the breach-of-contract claim that Defendants contend was legally frivolous due

---

evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is)." *Rogers*, 521 F.3d at 387.

to the lack of an executed contract. Here, again, Plaintiffs may be technically correct that this is not an "affirmative defense." This is more accurately described as a request for sanctions under Rule 11, and if Defendants desire to collect their attorneys' fees, they would be required to make an appropriate motion requesting the same—and they could do so whether or not they included this "defense" in their Answer. *See, e.g., Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 6674087, at *1 (S.D. Tex. Nov. 24, 2014) (requests for attorneys' fees and expenses for vexatious litigation tactics need not be pleaded; rather, the requesting party must file a motion setting out the basis for relief and the damages requested). Like the situation with the spoliation "defense," Defendants have at worst provided additional notice of their intentions beyond what is required under federal pleading standards, and Plaintiffs are helped, not prejudiced by this inclusion. *See, e.g., Book v. Moulton*, No. 3:05 CV 0875, 2005 WL 3307361, at *1 (N.D.N.Y. Dec. 6, 2005) (refusing to strike defendants' "affirmative defenses" that the action was "legally frivolous" and filed in violation of Rule 11, entitling defendants to expenses, because even though these may not be "traditional affirmative defenses," defendants put plaintiff on notice of their intent to hold plaintiff accountable for attorneys' fees for filing a frivolous lawsuit). Accordingly, Defendants' fourteenth "affirmative defense" should not be struck.

Finally, courts are split as to whether Plaintiff's first defense—failure to state a claim upon which relief may be granted—is a proper affirmative defense. *Compare SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 616CV01165RWSJDL, 2017 WL 1950810, at *2 (E.D. Tex. May 11, 2017) (adopting recommendation to strike the defense of failure to state a claim upon which relief can be granted as it is not a proper affirmative defense) *with Two Men and a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC, et al.*, No. 15-254-SDD-RLB, 2015 WL 7573216, at *1 (M.D. La. Nov. 25, 2015) (noting that although this defense serves as nothing more than

notice that a motion to dismiss may be forthcoming, it is nonetheless a defense recognized in Form 30 of the Appendix to the Federal Rules of Civil Procedure). Regardless, there is no reason this "belt-and- suspenders" type pleading prejudices Plaintiffs in any manner. Defendants have simply placed Plaintiffs on notice that they may choose to file a motion to dismiss in the future. As with the other motions addressed above, Plaintiffs would have the right to file a response to any motion filed by Defendants, including any motion to dismiss.

## IV. Conclusion

For the reasons discussed above, the undersigned recommends that the District Court **DENY** Plaintiffs' Corrected Motion to Strike [#45]. Plaintiffs Motion to Strike [#36] should be **DISMISSED** as **MOOT**.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52

9

(1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of September, 2017.

_____
ELIZABETH S. ("BETSY") CHESTNEY
U.S. MAGISTRATE JUDGE